UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| O.A.C.S., <br><br> Petitioner, <br><br> v. <br><br> MINGA WOFFORD, et al., <br><br> Respondents. | No. 1:25-cv-01652-DAD-CSK <br><br> ORDER DENYING MOTION TO ENFORCE JUDGMENT <br><br> (Doc. No. 16) |

      This matter is before the court on petitioner's motion to enforce judgment. (Doc. No. 16.) For the reasons explained below, the court will deny petitioner's motion.

      On December 4, 2025, the undersigned ordered that respondents provide petitioner with a bond hearing within five days of the date of entry of that order. (Doc. No. 13 at 11.) The court also ordered respondents to file a status report within three days of that hearing to confirm that petitioner had received the hearing required by this court's order. (*Id.*) On December 15, 2025, respondents filed a status report in which they stated that an immigration judge had held a bond hearing for petitioner on December 8, 2025 where the judge concluded that respondents had "established by clear and convincing evidence that [petitioner] is such a significant risk of flight that no conditions of release are appropriate." (Doc. No. 14 at 1.)

      Petitioner argues that respondents violated the court's order because the immigration judge "erroneously denied bond." (Doc. No. 16 at 7–15.) Respondents argue that this is merely

challenging the immigration judge's discretionary bond determination and therefore petitioner should be required to exhaust his administrative remedies by first appealing to the Board of Immigration Appeals ("BIA").  (Doc. No. 18 at 2–4.)  The court finds its prior order in *Fernandez Vasquez v. Orestes Cruz*, No. 1:26-cv-00476-DAD-EFB, 2026 WL 252055 (E.D. Cal. Jan. 30, 2026), in which the undersigned concluded that the petitioner was required to exhaust his appeals challenging an immigration judge's bond determination to be persuasive.  Here, as in *Fernandez Vasquez*, petitioner was provided with a bond hearing and now contends that the immigration judge's decision improperly applied the applicable legal standard in denying bond.  (Doc. No. 16 at 7–15); *Fernandez Vasquez*, 2026 WL 252055, at *2–3.  Accordingly, the court incorporates its prior reasoning in *Fernandez Vasquez* and concludes that here petitioner must first exhaust his administrative remedies.[1]

      For the reasons set forth above, the court denies petitioner's motion to enforce judgment (Doc. No. 16).

      IT IS SO ORDERED.

Dated:  **February 10, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[1] The court notes that petitioner did not include a transcript of the administrative proceedings and instead has submitted only counsel's declaration chronicling some of the assigned immigration judge's purported comments made at the bond hearing.  (Doc. No. 16-1 at 3–4.)  Though the disparaging remarks directed at the undersigned purportedly made by the immigration judge at that hearing (*id.* at ¶¶ 8, 9) may well call into question whether the immigration judge was making any attempt to meaningfully comply with this court's order as required, this court is not in a position to review whether there has been a systemic failure to comply with the requirements of due process because the administrative record is not before this court at this time.