UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| O.A.C.S., | No.  1:25-cv-01652-DAD-CSK |
| Petitioner, | |
| v. | ORDER SETTING BRIEFING SCHEDULE ON PETITIONER'S MOTION TO ENFORCE JUDGMENT |
| MINGA WOFFORD, et al., | |
| Respondents. | |

On May 12, 2026, petitioner filed a second motion to enforce judgment regarding this court's prior order (Doc. No. 13) granting petitioner's motion for temporary restraining order in part and ordering respondents to provide petitioner with a bond hearing.  (Doc. No. 22.)  In that motion, petitioner contends that he was provided with a bond hearing on December 8, 2025, but that the immigration judge erred as a matter of law by failing to apply the correct burden of proof. (*Id.* at 9–10.)  The court previously denied petitioner's first motion to enforce judgment (Doc. No. 16) on the grounds that petitioner had failed to exhaust his administrative remedies and the court's inability to meaningfully review compliance with its order because petitioner failed to provide a transcript of the December 8, 2025 bond hearing.  (Doc. No. 20.)  In the pending motion, petitioner now argues that this court should waive the prudential exhaustion requirement because his appeal has been pending without a briefing schedule since January 3, 2026 and, in support of his argument, has submitted a declaration stating that appeals regarding bond

1

redetermination hearings are taking approximately sixteen months to resolve.  (Doc. Nos. 22 at 12–17, 22-1 at ¶ 7.)  Petitioner has also now provided a transcript of the challenged bond hearing held on December 8, 2025.  (Doc. No. 22-3.)

A review of the court's prior order granting petitioner's motion for temporary restraining order reveals that the court did not order the specific allocation of the burden of proof that should be employed at the ordered bond hearing.  (Doc. No. 13 at 11.)  Petitioner's motion is premised on the proposition that this court's prior order required that a bond hearing be conducted where respondents would bear the burden to demonstrate by clear and convincing evidence that petitioner poses a risk of flight or danger to the community.  (Doc. No. 22 at 13.)  Accordingly, the court construes petitioner's motion to enforce judgment as a motion seeking both clarification of the court's prior order and an order requiring that another bond hearing be conducted in compliance with the court's order as now clarified.

In light of the above, the court directs respondents to file a written opposition no later than May 20, 2026 addressing the following issues:  (1) whether prudential exhaustion should be waived in light of the delay in the resolution of petitioner's appeal; (2) whether the court should clarify its prior order to make specific that respondents be required to bear the burden of demonstrating that petitioner is poses a risk of flight or danger to the community by clear and convincing evidence, particularly addressing the court's discussion in *Singh v. Wofford*, No. 1:25-cv-01652-DAD-CSK, Doc. No. 20 at 3–5 regarding the appropriate burden of proof for a bond redetermination hearing following prior release; and (3) whether the immigration judge properly applied a clear and convincing evidence standard at the December 8, 2025 bond hearing, particularly addressing the court's reasoning in *Singh*, Doc. No. 20 at 9–11 concluding that it was an abuse of discretion to fail to provide any reasoning or citation to evidence in support of a

/////

/////

/////

/////

/////

2

denial of bond.[1]  Petitioner may file a reply brief no later than May 27, 2026 not to exceed five (5) pages in length.

IT IS SO ORDERED.

Dated:  __**May 13, 2026**__                              _Dale A. Drozd_

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[1]  Petitioner also raises a new argument that his detention has become unreasonably prolonged and that due process entitles him to a further bond hearing in light of that fact.  (Doc. No. 22 at 24–30.)  Petitioner did not previously raise a prolonged detention claim in his petition for writ of habeas corpus.  (*See* Doc. No. 1 at ¶¶ 64–74.)  Moreover, this court's order granting petitioner's motion for temporary restraining order did not discuss prolonged detention.  (Doc. No. 13.)  Therefore, petitioner's argument that his detention has become prolonged is not properly before the court through his motion to enforce judgment and must instead be brought through a first amended petition.  *See, e.g. Kia Am., Inc. v. Rally Auto Grp., Inc.*, No. 8:22-cv-00109-JVS-JDE, 2022 WL 17185011, at *2 (C.D. Cal. Oct. 20, 2022) (noting that a motion to enforce injunction requires that the moving party show by clear and convincing evidence that the enjoined party violated a specific and definite order of the court).  The court declines to construe the present motion to enforce as a motion to amend petition.  Accordingly, the court advises respondents that they need not address petitioner's arguments in this regard in their opposition.

3