UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

O.A.C.S.,

Petitioner,

v.

MINGA WOFFORD, et al.,

Respondents.

No.  1:25-cv-01652-DAD-CSK

ORDER DENYING SECOND MOTION TO ENFORCE JUDGMENT AND GRANTING MOTION FOR EXTENSION OF TIME

(Doc. Nos. 22, 27)

This matter is before the court on petitioner's second motion to enforce judgment.  (Doc. No. 22.)  On December 4, 2025, the court ordered that respondents provide petitioner with a substantive bond hearing within five days of the date of entry of that order.  (Doc. No. 13.)  The court did not specify the applicable burden of proof to be applied at that bond hearing in its order.  (*Id.*)  On January 19, 2026, petitioner filed a motion to enforce judgment, arguing that the bond hearing held was deficient.  (Doc. No. 16.)  On February 11, 2026, the court denied petitioner's motion to enforce judgment, finding that petitioner had not yet exhausted his administrative remedies and declining to waive the prudential exhaustion requirement.  (Doc. No. 20 at 1–2.)  On May 12, 2026, petitioner filed a second motion to enforce judgment, again arguing that the court should waive the prudential exhaustion requirement because petitioner is not requesting the court to reweigh evidence but instead to determine whether the bond hearing provided complied

1

with its earlier order.  (Doc. No. 22 at 12–13.)  Petitioner also argues that the case that this court relied on its prior order is inapposite.[1]  (*Id.* at 14.)  Finally, petitioner argues at length that irreparable harm is present in this case because he is subject to unlawful incarceration and because any appeal to the BIA is futile because the BIA has affirmed the vast majority of immigration judge orders over the past two years.  (Doc. No. 22 at 14–24.)[2]

On May 20, 2026, respondents filed an opposition to the pending motion arguing that exhaustion should not be waived.  (Doc. No. 24.)  Specifically, respondents argue that petitioner's appeal to the BIA is currently pending and that prudential exhaustion should not be waived in light of that.  (*Id.* at 4–5.)  Petitioner argues in reply that he need not exhaust his administrative remedies prior to this court enforcing its prior order.  (Doc. No. 28 at 5–6.)

"Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review."  *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation marks omitted).  Nevertheless, even if these factors weigh in favor of requiring exhaustion, "there are a number of exceptions to the general rule requiring exhaustion, covering situations such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void."  *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

"District courts in the Ninth Circuit have found that a petitioner need not exhaust administrative remedies by appealing a district court-ordered bond hearing to the BIA before pursuing a motion to enforce judgment."  *Singh v. Warden, Golden State Annex Det. Facility*, No.

---

[1]  The court notes that the appropriate vehicle for seeking reconsideration of this court's prior order is a motion for reconsideration brought pursuant to Federal Rule of Civil Procedure 60.

[2]  Counsel for petitioner greatly exceeded the page limit of twenty-five (25) pages for a brief in support of a motion set by this court in Judge Drozd's standing order.  (Doc. No. 22.)  Though the court considered the entirety of petitioner's brief, counsel is cautioned that future filings exceeding the court's page limits will not be considered.

2

1:26-cv-01973-DAD-CSK, 2026 WL 1328588, at *5 (E.D. Cal. May 13, 2026).  This is because the issue presented in a proper motion to enforce judgment in this context is only the legal question of whether the appropriate evidentiary burden was imposed at the bond hearing.  *Id.*  Nevertheless, some district courts have declined to consider challenges to an immigration judge's bond decision, even where the underlying bond hearing was conducted pursuant to a district court order, where the inquiry requested is a "fact-intensive" review of an "individual bond determination[.]"  *Martinez v. Scott*, No. 2:25-cv-01538-TSZ-GJL, 2025 WL 2689844, at *5 (W.D. Wash. Aug. 27, 2025), *report and recommendation adopted*, 2025 WL 2689066 (W.D. Wash. Sept. 19, 2025).  Here, a review of petitioner's arguments regarding whether the proper evidentiary burden was applied at the bond hearing in question reveals that petitioner largely argues that this court should reweigh the evidence of whether certain violations of the conditions of his release rendered him a flight risk and whether petitioner's evidence was separately compelling.  (Doc. No. 22 at 35–38.)  In this regard, petitioner has simply not shown that exhaustion should not be required.  *Martinez*, 2025 WL 2689844, at *5 (finding that the *Puga* factors weighed heavily in favor of requiring exhaustion because development of a more complete factual record on appeal before the BIA would permit meaningful review, the BIA had authority to correct the purported errors, and a relaxation of the requirement would encourage other petitioners to bypass appeal).

Regarding the *Laing* factors, petitioner argues that irreparable injury will occur because he will continue to suffer from purportedly unlawful detention (Doc. No. 22 at 15–16) and that any appeal would be futile because the BIA generally affirms immigration judges' orders (*id.* at 16–17).[3]  As to the first argument, the court incorporates its prior reasoning in *Fernandez Vasquez*, 2026 WL 252055, in which the court declined to waive prudential exhaustion requirements where the petitioner merely asserted that continued detention would be unlawful because that argument

---

[3]  Petitioner now also argues for the first time that his bond hearing did not satisfy substantive due process because the immigration judge was not an impartial adjudicator.  (Doc. No. 22 at 17–24.)  Even were this novel argument properly before the court on a motion to enforce judgment, petitioner's argument does not address how the immigration judge who presided at the bond hearing was biased, instead arguing only that the entire immigration system is so fundamentally biased that no bond hearing would be fair.  (*Id.*)  The court declines to address this argument.

"begs the constitutional questions presented in the underlying habeas petition." 2026 WL 252055, at *3 (internal quotation marks omitted). The court accordingly rejects petitioner's argument that he has shown irreparable injury in the event the exhaustion requirement is not waived. Petitioner's argument that his appeal will be futile because the BIA is unlikely to reverse the immigration judge's decision also misapprehends the test for futility. "[E]xhaustion is futile where the administrative agency's procedures *guarantee* a particular result and the agency is unlikely to change them on appeal." *Aden v. Nielsen*, No. 18-cv-01441-RSL, 2019 WL 5802013, at *3 (W.D. Wash. Nov. 7, 2019) (emphasis added) (rejecting the petitioner's argument that appeal of a bond determination was futile where BIA precedent suggested it would uphold the no bond decision). Petitioner has not identified any sense in which the procedures of the BIA guarantee a particular result or that the BIA otherwise has a policy of summarily affirming immigration judges. Accordingly, the court concludes that petitioner has not shown that exhaustion would be futile.

Out of an abundance of caution, the court instructed respondents to address whether this court's order in *Singh v. Warden*, No. 1:26-cv-01973-DAD-CSK, 2026 WL 1328588 (E.D. Cal. May 13, 2026)—in which the court waived the prudential exhaustion requirement, found that the prior court-ordered bond hearing was deficient based in part on the immigration judge's failure to explain her reasoning, and granted the petitioner's motion to enforce the court's prior order—was distinguishable from the present matter. (Doc. No. 25.) Respondents argue that this case is distinguishable because, following petitioner's appeal of the immigration judge's order, the immigration judge produced a full bond memorandum explaining her reasoning and finding that respondents had shown by clear and convincing evidence that petitioner poses a risk of flight. (Doc. Nos. 26 at 1; 26-1.) Petitioner argues that this memorandum was "post hoc" and accordingly cannot "retroactively cure deficiencies" in the hearing record of the immigration judge failing to explain her reasoning. (Doc. No. 28 at 2.)[4] Petitioner cites no authority for this

---

[4] On May 21, 2026, the court authorized petitioner to file a reply no later than June 2, 2026. (Doc. No. 25.) On June 3, 2026, petitioner filed a motion seeking an extension of time of that deadline along with his reply brief. (Doc. Nos. 27, 28.) Good cause appearing, the court will grant petitioner's motion for extension of time.

4

proposition. Another district court has explained that when a bond decision is appealed the BIA will "expand the available record by requiring the IJ to provide 'a written decision fully explaining why Petitioner was denied bond.'" *Martinez*, 2025 WL 2689844, at *5. Because the court has been unable to identify any authority supporting the proposition that such a written decision is an improper *post hoc* explanation, the court rejects petitioner's argument in this regard. The court therefore concludes that its decision in *Singh* is distinguishable and does not control the outcome of this case.[5]

For the reasons above, the court DENIES petitioner's second motion to enforce judgment (Doc. No. 22) and GRANTS petitioner's motion for extension of time (Doc. No. 27) to file a reply brief.

IT IS SO ORDERED.

Dated: __**June 23, 2026**__                      _____
                                                                      DALE A. DROZD
                                                                      UNITED STATES DISTRICT JUDGE

---

[5] Respondents also argue that the court's prior order granting petitioner's motion for temporary restraining order (Doc. No. 13) did not clearly require respondents to carry the burden of demonstrating petitioner was a flight risk or danger to the community by clear and convincing evidence. (Doc. No. 26 at 2.) Because the court ordered that a bond hearing be provided based on petitioner's right to due process following his prior release (Doc. No. 13 at 7–9), the court CLARIFIES that pursuant to this court's order respondents were required to prove by clear and convincing evidence at the bond hearing that petitioner posed a flight risk. *Singh*, 2026 WL 1328588, at *2–3 (explaining when the clear and convincing evidence standard applies for court-ordered bond hearings in the immigration context). This clarification does not otherwise impact the court's analysis with respect to the resolution of the pending motion.